The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Dollar. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award, except with the additions of Findings of Fact No. Nine, Conclusion of Law No. Five and a resulting Order.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. The Industrial Commission has jurisdiction over the subject matter of this case, the parties are properly before the Commission, and the parties were subject to and bound by the provision of the North Carolina Workers' Compensation Act at all relevant times.
2. The defendant was a duly qualified self-insured.
3. The employee-employer relationship existed between the parties at all relevant times. Specifically, the plaintiff worked for the defendant from 1957 to 30 September 1987.
4. In 1987, the plaintiff's average weekly wage was sufficient to generate the maximum compensation rate of $308.00 per week.
5. The issues for determination are:
 a. Whether the plaintiff contracted the occupational disease of asbestosis, and if so, when was he last injuriously exposed to the hazards of asbestos?
 b. What, if any, compensation is the plaintiff entitled?
 c. Is the plaintiff entitled to an award of his legal fees in this claim?
6. The parties stipulated following documentary evidence into the record:
 a. Plaintiff's Responses to Defendant's First Set of Interrogatories, sixteen pages,
 b. Defendant's Responses to Discovery and Interrogatories, fourteen pages,
c. Pulmonary report of Dr. Landis, six pages,
 d. Medical Records from Dr. Cutchin, twenty-four pages,
 e. Medical Records from Dr. Harris and Shelby Medical Associates, nineteen pages, and
 f. Defendant's Response to Plaintiff's Rule 607 Request.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. In the early 1950's, the plaintiff was employed as a helper and pipe fitter with Southern Piping and Engineering, where he handled asbestos materials.
2. During the course of his employment with the defendant, the plaintiff's duties included driving a truck on local routes, loading and unloading cargo from the trailers at the Charlotte terminal, and sweeping out trailers after unloading cargo.
3. Defendant's regular customers included Southern Asbestos, Guy M. Beatty, H. K. Porter, Duke Power and Mill Power. All of these customers regularly produced asbestos products, which the defendant would pick up for transport several times each week.
4. Plaintiff was required to unload bags and boxes containing asbestos materials, and often, the boxes would not be sealed or the bags would tear, leaving asbestos dust on the floor of the trailer. Plaintiff would sweep the trailers out before they were used to transport another shipment of goods; and when the asbestos dust was in the trailer, it would create clouds of dust when swept.
5. Plaintiff was exposed to asbestos on a regular basis for more than thirty working days or parts thereof inside of seven consecutive months from 1957 through 1987, and was exposed to asbestos in the State of North Carolina for as much as two years inside of ten years prior to his last exposure too asbestos.
6. On 7 June 1993, the plaintiff underwent a chest x-ray and CT scan, which were ordered by his family physician, Dr. Cutchin. Following these tests, Dr. Cutchin reviewed the findings, and reported that the plaintiff had multiple pleural nodules and plaques, consistent with asbestos exposure.
7. On 14 March 1996, the plaintiff was seen by Dr. Edward Landis and following additional testing, he was diagnosed with asbestosis and a Class II impairment.
8. After his first diagnosis of asbestosis, the plaintiff timely filed a claim on 15 April 1994.
9. Defendant's denial of plaintiff's claim was based upon stubborn, unfounded litigiousness.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Plaintiff was last injuriously exposed to the hazards of asbestos dust while employed by defendant-Carolina Freight, and for as much as thirty days or parts thereof, within seven consecutive calendar months immediately preceding his last exposure in 1984. N.C. Gen. Stat. § 97-57.
2. Plaintiff's claim for compensation as a result of his contraction of asbestosis was timely filed. N.C. Gen. Stat. § 97-58.
3. Plaintiff is entitled to compensation at the rate of $308.00 per week for 104 weeks as a result of his asbestosis diagnosis, commencing on 14 March 1996. N.C. Gen. Stat. § 97-61.5(b).
4. Plaintiff is entitled to have the defendant pay for medical expenses incurred or to be incurred as a result of the asbestosis as may be required to provide relief, effect a cure or lessen his period of disability, as well as such monitoring and examinations as may be required under N.C. Gen. Stat. § 97-61.1, etseq.
5. Defendant shall pay to plaintiff's counsel reasonable attorney's fees once plaintiff's counsel submits documentation of his time involved in this matter as the Full commission determines that the defense of this claim was based upon unfounded litigiousness and was without reasonable ground. N.C. Gen. Stat. § 97-88.1.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Defendant shall pay 104 weeks of compensation to the plaintiff at the rate of $308.00 per week, commencing on 14 March 1996. As much of said compensation as has accrued shall be paid to plaintiff in a lump sum.
2. Defendant shall pay medical expenses incurred or to be incurred when bills for the same have been approved, in accordance with the provisions of the Act. Further, the plaintiff shall undergo additional examinations as provided by law, pursuant to the provisions of N.C. Gen. Stat. § 97-61.1, et seq.
3. Defendant shall pay the costs, including the expert witness fees of $100.00 to Edward E. Landis, Jr., M.D., and $200.00 to T. R. Harris, M.D.
ORDER
1. It is HEREBY ORDERED that plaintiff's counsel shall submit documentaiton of his time involved in this matter to Commissioner Dianne C. Sellers so that the Full Commission may assess reasonable attorney's fees for plaintiff's counsel against defendant as the Full Commission has determined that defendant's defense of this claim was without reasonable ground.
2. This Opinion does not address the issue of permanent impairment, as the plaintiff has not undergone the panel examinations. Therefore, should the parties be unable to agree on this issue at such time as the plaintiff has completed examinations, they may request a hearing before the Commission on this matter.
This is ___ January 1998.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________ THOMAS J. BOLCH COMMISSIONER
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
DCS:bjp